**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**

| | |
|---|---|
| CONTEGRA CONSTRUCTION CO., LLC, | ) ) ) |
| Plaintiff | ) ) |
| v. | ) ) ) |
| JONATHAN R. LEVEY, | ) ) |
| Defendant | ) |

Case No.   4:19-cv-487

## COMPLAINT

Plaintiff Contegra Construction Co., LLC for its Complaint against Defendant Jonathan R. Levey respectfully states and alleges as follows:

### THE PARTIES

1.   Plaintiff Contegra Construction Co., LLC ("Contegra") is a Missouri limited liability company in good standing with power and authority to bring this action.

2.   On information and belief, Defendant Jonathan R. Levey ("Guarantor") is a California resident.  Guarantor guaranteed a debt in Missouri, agreed to jurisdiction in Missouri and agreed to venue in the Eastern District of Missouri.

### VENUE AND JURISDICTION

3.   This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because there is complete diversity and the amount in controversy exceeds $75,000.  Contegra is a citizen of Missouri.  Guarantor is a citizen of California.  The Court has personal jurisdiction over Guarantor because he guaranteed debts owed in Missouri, breached his payment obligations in Missouri and expressly agreed to be held liable in Missouri should Contegra need to bring suit to enforce Guarantor's guaranty.  Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because

Guarantor's breach of guaranty occurred in St. Louis County, Missouri which is in the Eastern District of Missouri and Guarantor expressly agreed that venue in the Eastern District of Missouri was appropriate in any action to enforce the guaranty.

## GENERAL ALLEGATIONS

A.     The Underlying Transactions

4.     On or about April 29, 2016, pursuant to the terms of a written Deferred Payment Agreement, exhibits and attachments thereto (the "Agreement") Contegra agreed to loan up to $800,000 to Quail Ridge Senior Holdings, LLC ("Holdings") and Quail Ridge Senior Development, LLC ("Development").  A true and correct copy of the Agreement is attached hereto as **Exhibit 1** and incorporated by reference.

5.     Guarantor signed the Agreement as a signatory under the heading "Guarantor."

6.     In conjunction with, as consideration for, and as a condition precedent to Contegra making the loan set forth in the Agreement, Guarantor executed an Unconditional Continuing Guaranty of All Obligations and Security Agreement dated April 29, 2016 (the "Original Guaranty").  A true and correct copy of the Original Guaranty is attached hereto as **Exhibit 2** and incorporated by reference.

7.     On or about November 20, 2017, pursuant to a First Amendment to Deferred Payment Agreement (the "Amendment"), Contegra, Holdings and Development amended the Agreement.  A true and correct copy of the Amendment is attached hereto as **Exhibit 3** and incorporated by reference.

8.     By the Amendment, Contegra loaned Holdings and Development an additional $239,904.50.

1784260

9. In connection with the Amendment and as a condition precedent to Contegra agreeing to the Amendment and loaning additional funds, Guarantor executed an Unconditional Continuing Guaranty of All Obligations and Security Agreement dated November 20, 2017 (the "2017 Guaranty"). A true and correct copy of the Amendment is attached hereto as **Exhibit 4** and incorporated by reference.

10. By and through the 2017 Guaranty, Guarantor reaffirmed his prior guaranty obligations and expressly extended his unconditional guaranty to both the original $800,000 loan and the additional loan of $239,904.50.

**B.     Terms of the 2017 Guaranty**

11. Pursuant to Section 1 the 2017 Guaranty, Guarantor absolutely and unconditionally promised and agreed to pay to Contegra all amounts that Holdings and/or Development owe to Contegra under the Agreement and/or the Amendment.

12. Pursuant to Section 2 the 2017 Guaranty, Guarantor promised and agreed to pay all applicable liabilities of Holdings and/or Development on demand, including expressly agreeing to pay Contegra's Enforcement Costs (as defined).

13. Pursuant to Section 3 the 2017 Guaranty, Guarantor's obligations are primary obligations and not subject to any counterclaim, set-off, abatement, deferment or defense based upon any claim that the Guarantor may have against Contegra, Holdings or Development.

14. Pursuant to Section 9 the 2017 Guaranty, Contegra was not required to pursue collection from Holdings or Development before seeking payment from Guarantor nor was Contegra required to proceed against any collateral provided by Holdings or Development as security for the Agreement or Amendment.

15. Pursuant to Section 13 the 2017 Guaranty, the Guaranty will be governed by and construed in accordance with Missouri law.

16. Pursuant to Section 15 the 2017 Guaranty, Guarantor is required to pay to Contegra all reasonable fees, costs and expenses incurred by Contegra in enforcing the Guaranty or seeking payment under the Guaranty, including paying Contegra's attorneys' fees, court costs and filing fees.

17. Pursuant to Section 20 the 2017 Guaranty, Guarantor irrevocably agreed that all actions or proceedings "in any way arising out of or related to" the Guaranty "will be litigated in any federal court having situs in the Eastern District of Missouri." The Guarantor consented and submitted to jurisdiction in Missouri and waived personal service of process.

18. Pursuant to Section 21 the 2017 Guaranty, Guarantor knowingly and voluntarily waived any right to trial by jury.

**C.    Defaults**

19. Pursuant to the Agreement and Amendment, Holdings and Development were required to repay the entire loan amounts on or before April 15, 2018.

20. Holdings and Development did not pay the amounts owed on or before April 15, 2018.

21. By letter dated, August 6, 2018, Contegra made demand for payment upon Guarantor.

22. Guarantor has failed and refused to pay the amounts that Guarantor owes under the 2017 Guaranty.

1784260

## COUNT I
### (Breach of Guaranty)

23. Plaintiff restates, realleges and incorporates by reference each of the allegations contained in Paragraphs 1-22 above, all as if fully set forth herein.

24. The 2017 Guaranty is valid, legally binding and enforceable.

25. Guarantor received valid and sufficient consideration for the 2017 Guaranty.

26. Guarantor's signature on the 2017 Guaranty is prima facie evidence of the existence of the debt and the enforceability of the 2017 Guaranty.

27. Holdings and Development are in default under the Agreement and Amendment and Guarantor owes Contegra more than $75,000 (exclusive of interest and attorneys' fees) under the 2017 Guaranty.

WHEREFORE, Contegra respectfully prays that the Court enter judgment in favor of Contegra and against Guarantor: (1) in an amount equal to: (a) all amounts owed by Holdings and Development, without set-off or deduction; (b) all applicable interest as of the date of judgment; (c) amounts corresponding to Contegra's reasonable Enforcement Costs, including attorneys' fees; and (2) granting Contegra such other and further relief as the Court deems just and proper.

GREENSFELDER, HEMKER & GALE, P.C.

By    /s/ Gregory C. Mollett           
       Gregory C. Mollett, No. 50054
       gcm@greensfelder.com
       Peter W. Mueller, No. 70262
       pmueller@greensfelder.com
       10 South Broadway, Suite 2000
       St. Louis, Missouri 63102
       (314) 241-9090
       (314) 241-4245 (FAX)

*Attorneys for Plaintiff*

1784260